# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation of Supervised Release**) |
| v. | Case Number: 05-cr-00419-LTB-01 |
| | USM Number: 33827-013 |
| RICKIE LYNN PLEASANT | Edward A. Pluss, AFPD<br>(Defendant's Attorney) |

**THE DEFENDANT:** Admitted guilt to violations 1 through 9, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to Comply with Rules of Residential Reentry Center (RRC) | 07/26/09 |
| 2 | Failure to Reside In/Comply with Rules of Residential Reentry Center (RRC) | 09/19/09 |

    The defendant is sentenced as provided in pages 3 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

    It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

    November 23, 2009
Date of Imposition of Judgment

s/Lewis T. Babcock
Signature of Judge

Lewis T. Babcock, Senior U.S. District Judge
Name & Title of Judge

December 2, 2009
Date

DEFENDANT: RICKIE LYNN PLEASANT
CASE NUMBER: 05-cr-00419-LTB-01                                                    Judgment-Page 2 of 7

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 3 | Possession and Use of a Controlled Substance | 02/25/09 |
| 4 | Possession and Use of a Controlled Substance | 03/04/09 |
| 5 | Possession and Use of a Controlled Substance | 03/06/09 |
| 6 | Possession and Use of a Controlled Substance | 03/31/09 |
| 7 | Possession and Use of a Controlled Substance | 04/23/09 |
| 8 | Failure to Participate in Drug Testing as Directed by the Probation Officer | 04/03/09 |
| 9 | Failure to Report to the Probation Officer as Directed | 09/21/09 |

DEFENDANT: RICKIE LYNN PLEASANT
CASE NUMBER: 05-cr-00419-LTB-01                                                                 Judgment-Page 3 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of fifty (50) days, with credit for time served.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

 

 

 

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy United States Marshal

DEFENDANT:  RICKIE LYNN PLEASANT
CASE NUMBER:  05-cr-00419-LTB-01                                                                 Judgment-Page 4 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of thirty-four (34) months.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of  DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer, until he is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2) The defendant shall be placed on home detention for a period of six (6) months, to commence upon release from confinement.  During this period, he shall remain at his place of residence at all times other than time spent at work, at treatment, or time spent on other activities approved in advance by the probation officer.  This period of home detention shall be enforced by electronic monitoring.  To permit this monitoring, the defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, or cordless telephones.  He shall wear electronic monitoring devices and follow all other procedures specified by the probation officer.  The defendant shall pay the cost of electronic monitoring as directed by the probation officer.

3) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless he is in compliance with the periodic payment obligations imposed pursuant to the court's judgment and sentence.

4) The defendant shall appear for a compliance review hearing on December 22, 2009, at 9:00 a.m.   The probation officer shall submit a progress report to the court prior to the hearing.

DEFENDANT:  RICKIE LYNN PLEASANT
CASE NUMBER:  05-cr-00419-LTB-01                                                              Judgment-Page 6 of 7

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $5,483.00 |
| **TOTALS** | $100.00 | $0.00 | $5,483.00 |

DEFENDANT:  RICKIE LYNN PLEASANT
CASE NUMBER:  05-cr-00419-LTB-01                                                          Judgment-Page 7 of 7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

Defendant is ordered to pay the balance of his restitution obligation.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment; (2) restitution.